UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT E. CARTER,<br><br>                Petitioner,<br>vs.<br><br>PAMELA JO BONDI, U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, WILLIAM LINTHROP, Acting Director of the Bureau of Prisons, M.A. DELAFOISSE, Warden of Yankton Federal Prison Camp, LISA ALLEN, Case Manager Coordinator at the Yankton Federal Prison Camp, S. THYGESON, Case Manager at the Yankton Federal Prison Camp, Z. KORTAN, Case Manager at the Yankton Federal Prison Camp, and M. BENNETT, Case Manager at the Yankton Federal Prison Camp, all individual defendants in their official capacities,<br><br>                Respondents. | 4:25-CV-04054-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Petitioner, a prisoner at the Bureau of Prison's ("BOP") Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking a declaratory judgment that the BOP's regulatory scheme governing the application of First Step Act ("FSA") time credits, sometimes referred to as earned time credits ("ETCs"), conflicts with Congressional intent and the plain language of the FSA. Petitioner contends that the BOP's guidelines afford the BOP discretion in violation of the FSA's mandatory language. Petitioner is serving concurrent 36-month sentences for two counts of attempted wire fraud in violation of 18 U.S.C. § 1342 and § 1349. He was sentenced October 17, 2024, in the Western District of Wisconsin, 3:22-cr-00124-wmc-1.

On December 21, 2018, Congress enacted the First Step Act of 2018. Pub. L. 115-391. Pub. L. 115-391, Sec. 102, 132 Stat. 5208. That Act reauthorized the Second Chance Act of 2007, Pub. L. 110-199 (April 9, 2008), codified at 34 U.S.C. § 60501, *et seq.*, and, *inter alia*, provided additional incentives to earn release to reentry programs. Together, those Acts authorize the BOP to release eligible prisoners to residential reentry centers before the expiration of their federal sentence. Both Acts are part of Congress' desire to reduce recidivism by providing transitional services to facilitate reentry into the community. 34 U.S.C. § 60501(a)(5)(6).

Pursuant to the FSA, the BOP is required to develop a needs and assessment system ("system"), 18 U.S.C. § 3632(a), to, *inter alia*, determine recidivism risk and provide programming to prisoners, the successful completion of which allows prisoners to earn ECTs, 28 U.S.C. § 3632(d). The system "shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs." 18 U.S.C. § 3632(d). One of the rewards for participating in programming and earning ECTs is earlier placement in pre-release custody or release to supervised release. 18 U.S.C. § 3632(d)(4)(C). "The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). The foregoing is all dependent upon eligibility factors set forth in 18 U.S.C. § 3632(d)(4)(D) and (E).

The BOP adopted regulations implementing the system. Pursuant to 28 C.F.R. § 523.44 (set forth in Program Statement 5410.10), the regulations provide that time credits "may be applied" and that the BOP "may apply FSA Time Credits toward prerelease custody or supervised release." It is this discretionary language that petitioner contends is contrary to the statutory mandatory language of the FSA. This dichotomy has been the subject of numerous challenges to the BOP's regulations implementing the FSA.

Some courts have granted habeas relief, finding that the FSA statutory language is mandatory and that the BOP does not have the discretion to refuse to release an eligible prisoner to pre-release custody. See Adepoju v. Scales, 782 F. Supp. 3d 306, 317 (E.D. Va. 2025); Wesa v. Engleman, 2025 WL 2005224 at 7 (C.D. Cal. 2025); Kuzmenko v.

2

Phillips, 2025 WL 779743, at *6 (E.D. Cal. 2025), appeal dismissed sub nom. Martin v. Phillips, 2025 WL 2375268 (9th Cir. 2025).

      Some courts have denied relief without addressing the dichotomy because the district court determined that the petitioner did not qualify for release. See Gamaliel Ontivera Salsas v. Warden, FCI Petersburg, 2026 WL 376383, at *3 (E.D. Va. 2026), report and recommendation adopted sub nom. Salas v. Warden, FCI Petersburg, No. 2:25CV313, 2026 WL 376302 (E.D. Va. 2026) (failure to exhaust administrative remedies); Moore v. Frith, 2025 WL 3068741, at *2 (M.D. Pa. 2025) (ineligible because petitioner is a medium recidivism risk); Lopez v. Gutierrez, 2024 WL 4026215, at *2 (D. Ariz. 2024), aff'd sub nom. Lopez v. Hudson, 2025 WL 2715940 (9th Cir. 2025).

      Some courts have denied relief, finding that a petition which seeks transfer to prerelease custody is a challenge to the petitioner's place of confinement, which the district courts have no authority to review. 18 U.S.C. § 3631(b) provides that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." "That means that notwithstanding the mandatory language in the FSA requiring transfer to prerelease custody, the BOP's decision to continue [petitioner's] confinement at FCI-Sandstone is not reviewable by any court." Osorio-Calderon v. Sandstone, 2025 WL 2688917, at *4 (D. Minn. 2025) (internal quotations omitted) (citing Crowe v. Fed. Bureau of Prisons, 2025 WL 1635392, at *21 (D.D.C. 2025) (explaining that Section 3632(d)(4)(C) "does not displace the statutory discretion that the BOP has to designate a place of imprisonment" under Section 3621(b)). U.S. District Judge Laura M. Provinzino's decision in Osorio-Calderon v. Sandstone is instructive: "Unless and until the Eighth Circuit decides that a habeas petition that seeks transfer to prerelease custody is *not* merely a challenge to the petitioner's place of confinement, Section 3621(b) appears to divest the Court of jurisdiction to consider Osorio-Calderon's petition." Osorio-Calderon v. Sandstone, 2025 WL 2688917, at *4.

      This Court agrees with Judge Provinzino's opinion that the discretion given to the BOP under 18 U.S.C. § 3631(b) prevents the district court from addressing the petition.

Based upon the foregoing,

IT IS ORDERED:

1. The application for leave to proceed *in forma pauperis* without the prepayment of the filing fee is denied as moot. Petitioner has paid the $5 filing fee.

2. Petitioner's motion, Doc. 6, for a temporary restraining order is denied.

3. The petition for a writ of habeas corpus is denied and this case is dismissed.

DATED this 23rd day of February, 2026.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge