UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

|  |  |
|---|---|
| ROBERT E. CARTER,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA JO BONDI, U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, WILLIAM LINTHROP, Acting Director of the Bureau of Prisons, M.A. DELAFOISSE, Warden of Yankton Federal Prison Camp,  LISA ALLEN, Case Manager Coordinator at the Yankton Federal Prison Camp, S. THYGESON, Case Manager at the Yankton Federal Prison Camp, Z. KORTAN, Case Manager at the Yankton Federal Prison Camp, and M. BENNETT, Case Manager at the Yankton Federal Prison Camp, all individual defendants in their official capacities,<br><br>Respondents. | 4:25-CV-04054-CBK<br><br><br>ORDER |

Petitioner, then a prisoner at the Bureau of Prison's Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking a declaratory judgment that the BOP's regulatory scheme governing the application of First Step Act ("FSA") time credits, sometimes referred to as earned time credits ("ETCs"), conflicts with Congressional intent and the plain language of the FSA. This Court entered a memorandum opinion and order on February 25, 2026, denying relief and dismissing the petition.  The order and judgment were mailed to petitioner at his last known address, FPC Yankton.  The mail was returned as undeliverable.  The Clerk of Courts investigated and determined plaintiff was no longer being held at FPC Yankton and remailed the order and judgment to FCI Thomson on March 11, 2026.

Petitioner has filed a motion to file a late appeal, along with a proposed notice of appeal, which was dated March 30, 2026, but which was post marked April 4, 2026. Petitioner contends that, due to his transfer, he did not timely receive the judgment. Petitioner was notified when he filed the petition that he was required to keep the Court informed if his address changes. He failed to do so, resulting in the delay in the receipt of the judgment of dismissal.

Habeas proceedings are civil proceedings. Pursuant to Fed. R. App. P. 4(a)(1)(B), in a civil case where one of the parties is the United States, agency of the United States, or an officer or employee of such agency, the notice of appeal must be filed within 60 days of the judgment. Jeffries v. United States, 721 F.3d 1008, 1012 (8th Cir. 2013) (28 U.S.C. § 2255 case); Herrera v. I.N.S., 2 F. App'x 603, 604 (8th Cir. 2001) (28 U.S.C. § 2241 case). By that standard, the notice of appeal is timely.

Pursuant to 28 U.S.C. § 2253(c)(1), no appeal may be taken from (A) a final order in a habeas proceeding where detention arises out of a state court order or (B) a final order in a proceeding under 28 U.S.C. § 2255. This case presents neither situation. The petitioner is in federal custody but is not seeking to vacate, set aside, or correct his sentence pursuant to § 2255. No certificate of appealability is required where a federal prisoner seeks to appeal a petition filed under § 2241. Langella v. Anderson, 612 F.3d 938, 939, n. 2 (8th Cir. 2010).

Based upon the foregoing,

IT IS ORDERED that petitioner's motion to file a late appeal is denied as moot. The appeal was timely submitted. The Clerk of Courts shall file the notice of appeal as of April 6, 2026.

DATED this 10th day of April, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

2